IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome Myers and Gloria Myers, | ) | Civil Action No. 2:20-1852-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Latoya Hobson, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that this action be dismissed without prejudice for lack of subject matter jurisdiction. (Dkt. No. 21.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses all claims without prejudice.

I.   **Background**

Plaintiffs proceed *pro se* to contest the manner in which their deceased father's probate process was handled by Defendants who had various representative roles in the process. This action appears to be the latest in a fourteen year old dispute brought by Plaintiffs in state and federal court on similar grounds. *See, e.g.*, No. 2:10-cv-2081-RMG-RSC, Dkt. No. 1 at 6 (dismissed for lack of jurisdiction). Here, Plaintiffs filed a 152-page amended complaint. (Dkt. No. 6.) The U.S. Magistrate Judge issued a Proper Form order, in response to which Plaintiffs filed 100 pages of documents pertaining to a referenced guardianship/conservatorship action. (Dkt. Nos. 15, 15-1.) Plaintiffs then filed two motions for summary judgment and a motion for service. In order to better decipher Plaintiffs' allegations, in light of their sometimes incoherent complaint, the Magistrate Judge reviewed the underlying actions' documents, of which this Court takes judicial notice. *See Colonial Penn Ins. Co. v. Coil*, 887 F.3d 1236, 1239 (4th Cir. 1989) (noting

that federal courts may take judicial notice of state and federal court records in appropriate circumstances). Plaintiffs appear to bring causes of action sounding in fraud, negligence, breach of contract, intentional infliction of emotional distress, and civil rights violations against various individuals involved personally and/or professionally in their father's probate process.

## II.     Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.    Discussion

It is clear that the Magistrate Judge carefully reviewed the pleading, as well as over a decade worth of underlying documents, and correctly determined that the Court lacks subject matter jurisdiction over this action.  It is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012) (per curiam). *Pro se* complaints are held to a less stringent pleading standard than are complaints brought by represented litigants. *Gordon v Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  But the Court should not ignore a clear failure to allege facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

The district court can exercise jurisdiction over a claim in two ways: diversity of citizenship or federal question. For diversity jurisdiction, Plaintiffs must demonstrate complete diversity among the parties and over $75,000 in controversy. 28 U.S.C. § 1332(a). Here, the amended complaint makes clear that Plaintiffs and Defendants other than Defendant Hobson are residents of South Carolina. For federal question jurisdiction, Plaintiffs must assert a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The amended complaint contains a few vague references to federal law violation, such as that "rights were violated" under "Article III, Section 2, Article IV 2" and that "civil rights" were violated. (Dkt. No. 6 at 91, 93.) But the Court "must look beyond the verbiage of a complaint to the substance of the plaintiff's grievance[.]" *Burgess v. Charlottesville Savings and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973). And "mere recitation of inapplicable statutes in connection with patently frivolous claims" are insufficient to avoid dismissal for lack of jurisdiction. *Rivers v. Goodstein*, No. 2:18-cv-2032-RMG-MGB, 2018 WL 4658487, at *6 (D.S.C. Sept. 7, 2018), *adopted* 2018 WL 4656239 (D.S.C. Sept. 27, 2018). Here, as noted, Plaintiffs appear to bring claims primarily sounding in tort relating to the handling of the underlying probate matter. The Court, therefore, lacks subject matter jurisdiction over the claims, and declines to exercise supplemental jurisdiction over the state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed . . ., the state claims should be dismissed as well.").

In the R & R, the Magistrate Judge continues her analysis to determine that, even if the Court did have jurisdiction over this action, Plaintiffs' claims would be barred by the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine, as well as whether some Defendants would be entitled to judicial immunity. The Court has considered that comprehensive analysis and

declines to make that finding, in light of the fact that the Court clearly lacks subject matter jurisdiction over the claims.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 21) as the order of the Court and **DISMISSES WITH PREJUDICE** all claims against all Defendants. The Clerk is directed to deny as moot Plaintiffs' pending motions for summary judgment and service of process, and to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 27, 2021
Charleston, South Carolina